ORIGINAL

1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  CRAIG YATES, an individual,              )  CASE NO.
                                             )                    1571
11              Plaintiff,                   )
                                             )  **COMPLAINT FOR INJUNCTIVE RELIEF**
12                                           )  **AND DAMAGES:**
    v.                                       )
13                                           )  **1st CAUSE OF ACTION:** For Denial of Access
                                             )  by a Public Accommodation in Violation of the
14  SAFEWAY, INC., a Delaware Corporation,   )  Americans with Disabilities Act of 1990 (42
                                             )  U.S.C. §12101, *et seq.*)
15              Defendant.                   )
                                             )  **2nd CAUSE OF ACTION:** For Denial of Full
16  _____ )  and Equal Access in Violation of California
                                                Civil Code §§54, 54.1 and 54.3
17
                                                **3rd CAUSE OF ACTION:** For Denial of
18                                              Accessible Sanitary Facilities in Violation of
                                                California Health & Safety Code §19955, *et seq.*
19
                                                **4th CAUSE OF ACTION:** For Denial of
20                                              Access to Full and Equal Accommodations,
                                                Advantages, Facilities, Privileges and/or
21                                              Services in Violation of California Civil Code
                                                §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                                              **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1     Plaintiff CRAIG YATES, an individual, complains of defendant SAFEWAY,

2  INC., a Delaware Corporation (hereinafter referred to as "Safeway") and alleges as follows:

3  **INTRODUCTION:**

4     1.     This is a civil rights action for discrimination against persons with physical

5  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

6  for failure to remove architectural barriers structural in nature at defendant's TACO EL REY and

7  Safeway shopping center, each a place of public accommodation, thereby discriminatorily

8  denying plaintiff and the class of other similarly situated persons with physical disabilities access

9  to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,

10  facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages

11  pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California

12  Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

13     2.     Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

14  October 03, 2010, October 5, 2010, October 9, 2010, October 27, 2010, November 13, 2010,

15  March 6, 2011, March 12, 2011 and March 23, 2011, was an invitee, guest, patron, customer at

16  defendant's Taco El Rey and Safeway, in the City of Lakeport, California.  At said times and

17  place, defendants failed to provide proper legal access to the Taco El Rey a part of the Safeway

18  shopping center, which is a "public accommodation" and/or a "public facility" including, but not

19  limited to signage, parking, entry, service counter, men's restroom and women's restroom.

20   The denial of access was in violation of both federal and California legal requirements, and

21  plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was

22  embarrassed and humiliated.

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.      **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 971 11th Street, in the City of Lakeport, County of Lake, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.    Defendant SAFEWAY, INC., a Delaware Corporation (hereinafter alternatively collectively referred to as "defendants") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as Taco el Rey and the Safeway shopping center, located at/near 971 11th Street, Lakeport, California, or of the building and/or buildings which constitute said public accommodation.

7.    At all times relevant to this complaint, defendant SAFEWAY, INC., a Delaware Corporation , owns and operates in joint venture the subject Taco El Rey and Safeway shopping center as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.    At all times relevant to this complaint, defendant SAFEWAY, INC., a Delaware Corporation is jointly and severally responsible to identify and remove architectural barriers at the subject Taco El Rey and Safeway shopping center pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.    The Safeway shopping center is comprised of several public accommodations including but not limited to the Safeway grocery store and Taco El Rey, located at/near 971 11th Street, Lakeport, California 95453.  The Safeway shopping center, its signage, parking, entry, service counter, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

2    structural repairs and additions," each of which has subjected the Safeway and each of its

3    facilities, its signage, parking, entry, service counter, men's restroom and women's restroom to

4    disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

5    (ADAAG), and Title 24 of the California Code of regulations (Title 24).

6        10.    On or about August 17, 2001, defendants' and each of them purchased and/or

7    took possessory control of the premises now known as the Safeway shopping center. At all

8    times prior thereto, defendants' and each of them were aware of their obligation prior to the close

9    of escrow, or upon taking possessory interest that public accommodations had a duty to identify

10   and remove architectural barriers and were aware that Taco El Rey and the Safeway shopping

11   center was not accessible to the disabled. Nevertheless, defendants' and each of them, operated

12   Taco El Rey as though it was accessible.

13       11.    At all times stated herein, defendants' and each of them with the knowledge that

14   each of them had a continuing obligation to identify and remove architectural barriers where it

15   was readily achievable to do so, failed to adopt a transition plan to provide better and/or

16   compliant access to the subject accommodation.

17       12.    At all times referred to herein and continuing to the present time, defendants, and

18   each of them, advertised, publicized and held out the Safeway shopping center and Taco El Rey

19   as being handicapped accessible and handicapped usable.

20       13.    On or about October 03, 2010, October 5, 2010, October 9, 2010, October 27,

21   2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, plaintiff

22   CRAIG YATES was an invitee and guest at the subject Safeway shopping center and Taco El

23   Rey, for purposes of purchasing goods and services.

24       14.    On or about October 03, 2010, October 5, 2010, October 9, 2010, October 27,

25   2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, plaintiff

26   CRAIG YATES could not find any disabled parking except for disabled parking just outside the

27   Safeway grocery store. No parking spaces were dispersed anywhere in the shopping center. All

28   parking for the disabled was concentrated in one area.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | On each of said occasion, plaintiff CRAIG YATES encountered no parking for the disabled in

2 | the parking area serving Taco El Rey.

3 |     15.    On or about October 3, 2010, October 5, 2010, October 9, 2010, October 27,

4 | 2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, plaintiff

5 | CRAIG YATES encountered excessive door pressure at the primary entrance of Taco El Rey.

6 | Plaintiff CRAIG YATES stressed and strained himself while attempting to open the door at the

7 | subject restaurant.

8 |     16.    On or about October 3, 2010, October 5, 2010 and October 9, 2010, plaintiff

9 | CRAIG YATES attempted to use the men's restroom but was precluded from doing so because

10 | carts blocked the pathway to the restroom.

11 |     17.    On or about October 11, 2010, plaintiff CRAIG YATES wrote both the tenant and

12 | the landlord about the access issues. Plaintiff CRAIG YATES wrote:

> "Recently, I visited Tacos El Rey. I have a lot of family business in Clearlake and will be coming there quite a bit. I found that the food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with your parking for the disabled. There is no access aisle. The front door pressure is very heavy and the door closes too fast on the wheelchair as you go in and out. Then when I wanted to use the men's restroom the hallway was full of carts so I couldn't get in the men's restroom. Is the men's room usable for a wheelchair? What about the women's restroom? I think at the very least the restroom doors should swing out to make more space for a wheelchair going in. That part of my experience was not good.
>
> I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix these problems.
>
> You need to learn what needs to be done and do it now, you should do a check list for access.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

So to help you, please call Pacific ADA and IT Center in Oakland
at 1-800-949-4232, and ask them to send you all the information

2

they have on access.  Remember, wheelchair users have an old

3

saying: "Access delayed is Access denied."  You understand, right?

4

Anyway, please write me when you get this letter, tell me exactly

5

what will be done  and make me a promise that you will take care
of this right away.  Give me a date.  If you are not the one in charge

6

or don't have the responsibility to do it, would you make sure this

7

letter goes to the person in charge or who can make decisions on

8

what to do.  Thanks!"

9

18.     On or about October 27, 2010 and November 13, 2010, plaintiff CRAIG YATES

10

returned to Taco El Rey.  Not even the simplest remedial work (reducing door pressure) had been

11

undertaken.  Plaintiff CRAIG YATES struggled with the entry door and was unable to use the

men's restroom because amongst other things the door swung in.

12

13

19.     On or about January 19, 2011, plaintiff CRAIG YATES wrote a letter to the

manager of Taco El Rey.  The letter stated:

14

15

"I wrote you on October 11, 2010 about wheel chair

16

access.  I've enclosed a copy of that letter for you.  I never heard
back from anyone.  I go to Clear Lake quite often.

17

Because the restrooms are kind of, sort of, little of, close to

18

being usable and compliant I thought I'd give you a fix it list for

19

Tacos El Rey.  Remember something.  The building codes are for

minimal compliance.  You don't have that.  So here it is this is

20

what you need to do:

21

1. Parking: Tell the land lord to go out and make sure

22

there is plenty of parking for the disabled.  Give him a date to do

it.

23

2. Front Door:  Install a kick plate on the bottom of the

24

door.  Adjust the door pressure so it does not require more than 5

lbs of force to open.

25

3.  Service Counter:   Your counter is too high.  You

26

need to have a counter that is no more than 34" above the floor.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

4.  <u>Path of Travel:</u>  When going to the restroom there was stuff stored along the wall and leading to the restroom making it difficult to get by with a wheel chair.  All aisles or path of travel to the restrooms must be at least 36" wide and clear.

5.  <u>Men's Restroom:</u>

a) The door swings into the bathroom, change the swing so the door swings outward.  b) The door did not have levered hardware but door knobs.  Change that so the door can be opened with a closed fist.  c) The pipes under the sink need to be wrapped.  d) The sink handles did not have levers change it to levered hardware.  e) The toilet flush needs to be on the outside of the tank.  f) The rear grab bar was too short it needs to be 36" long.  g)  The side grab bar is too short it needs to be 42" long.   h) The toilet paper dispenser should be 12" in front of the toilet between 19" - 40" high.  i)  The paper towel dispenser should be 40" from the floor to the control handle.

j)   The mirror should be 40" from the floor to the bottom of the glass.

6.  <u>Women's Restroom:</u> Follow the same requirements for the women's restroom.

Now, write me back when you get these two letters.

Promise me in writing that you'll do this and give me a date when you'll have it done.  But not more than 90 days, because this is all so simple and easy to do.  Any handy man can do it.  Thanks."

///
///
///
///
///
///
///
///
///

20.     On or about January 27, 2011, plaintiff CRAIG YATES received a letter from Marlene Hernandez of Safeway, Inc. which stated:

> "I am in receipt of copies of the subject letters that you sent to the Manager of Taco El Rey, a tenant in the 11th Street Plaza shopping center in Lakeport. Safeway Inc. Is the landlord of the center.
>
> You mention in your letter that you would like a date when the work will be done but not more than ninety (90) days from the date of your letter. I regret that I will not be able to give you a date until such time that Safeway has had time to review your comments and recommendations.
>
> I have been in touch with Don Risdall of Pacific ADA and IT Center in Oakalnd as you suggested and I need to review the information that he sent to me prior to deciding how we will move forward with your request.
>
> I will contact the owner of Taco El Rey and inform him of Safeway's plan of action. Some of the requested work is the responsibility of his and some of the responsibility is that of Safeway's.
>
> I appreciate your patience in this matter. If you would like to contact me for any reason I can be reached at 925-467-2060 or marlene.hernandez3@safeway.com."

21.     On or about March 6, 2011, March 12, 2011 and March 23, 2011, plaintiff CRAIG YATES returned to the Safeway shopping center and Taco El Rey. Plaintiff CRAIG YATES encountered a lack of parking and excessive door pressure at the Taco El Rey and encountered an inaccessible restroom at Taco El Rey.

22.     At all said times and place, plaintiff CRAIG YATES also saw that he would be unable to use the women's restroom.

23.     At all said times and place, plaintiff CRAIG YATES also encountered a service counter at Taco El Rey which was too high.

24.     At all said times, SAFEWAY, INC., a Delaware Corporation was well aware of its duties to identify and remove architectural barriers. Said defendant has been sued multiple times for its failure at other shopping centers over access issues.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    25.    Therefore, at said times and places, plaintiff CRAIG YATES, a person with a

2  disability, encountered the following inaccessible elements of the subject Safeway shopping

3  center and Taco El Rey, which constituted architectural barriers and a denial of the proper and

4  legally-required access to a public accommodation to persons with physical disabilities including,

5  but not limited to:

6    a.    lack of directional signage to show accessible routes of travel, i.e, .
           entrances and parking;

7
8    b.    lack of the requisite type and number of disabled parking stall(s)
           (dispersed throughout the shopping center;

9    c.    lack of an accessible entrance at Taco El Rey;

10   d.    lack of handicapped accessible service counter;

11   e.    lack of a handicapped-accessible women's public restroom at Taco El
12         Rey;

13   f.    lack of a handicapped-accessible men's public restroom at Taco El Rey;

14   g.    On personal knowledge, information and belief, other public facilities and
           elements too numerous to list were improperly inaccessible for use by
15         persons with physical disabilities.

16   26.    At all times stated herein, the existence of architectural barriers at defendants'

17 place of public accommodation evidenced "actual notice" of defendants' intent not to comply

18 with the Americans with Disabilities Act of 1990 either then, now or in the future.

19   27.    At all times stated herein, defendants, and each of them, did not act as reasonable

20 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

21 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

22 receiving the same goods and services as able bodied people and some of which may and did pose

23 a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

24 defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

25 bodily injury.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.     As a legal result of defendant SAFEWAY, INC., a Delaware Corporation's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

29.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about October 3, 2010, October 5, 2010, October 9, 2010, October 27, 2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing front entry door pressure at Taco El Rey, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremities while attempting to open the door at the Taco El Rey.

30.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

31.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

32.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendant SAFEWAY, INC., a Delaware Corporation , because defendant SAFEWAY, INC., a Delaware Corporation maintained a shopping center and restaurant without access for persons with physical disabilities to its facilities, including but not limited to the signage, parking, entry, service counter, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

33.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

34.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the shopping center and Taco El Rey to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject shopping center and restaurant as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35.    Plaintiff seeks damages for violation of his civil rights on October 3, 2010, October 5, 2010, October 9, 2010, October 27, 2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

36.    On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

37.    Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling defendants to make the Safeway shopping center and Taco El Rey accessible to persons with disabilities.

38.    On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    The acts and omission of defendants, and each of them, in failing to provide the required

2    accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

3    malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with

4    a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated

5    persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to

6    make a more profound example of defendants, and each of them, to other operators and landlords

7    of other shopping centers and restaurant  and other public facilities, and to punish defendants and

8    to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

9        39.    Plaintiff is informed and believes and therefore alleges that defendant SAFEWAY,

10   INC., a Delaware Corporation, and each of them, caused the subject building(s) which constitute

11   the Safeway shopping center and Taco El Rey to be constructed, altered and maintained in such a

12   manner that persons with physical disabilities were denied full and equal access to, within and

13   throughout said building(s) of the shopping center and Taco El Rey and were denied full and

14   equal use of said public facilities.  Furthermore, on information and belief, defendants have

15   continued to maintain and operate said shopping center and restaurant and/or its building(s) in

16   such conditions up to the present time, despite actual and constructive notice to such defendants

17   that the configuration of the Safeway shopping center and Taco El Rey and/or its building(s) is in

18   violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES,

19   and other members of the disability community.  Such construction, modification, ownership,

20   operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

21   51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      40.     On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the Safeway shopping center and Taco El Rey and/or building(s)
4  was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes,
5  but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6  sponsors of conferences, owners of other shopping centers, restaurants, hotels, motels  and
7  businesses, notices they obtained from governmental agencies upon modification, improvement,
8  or substantial repair of the subject premises and other properties owned by these defendants,
9  newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990
10  and other access laws, public service announcements by former U.S. Attorney General Janet Reno
11  between 1993 and 2000, and other similar information.  Defendants' failure, under state and
12  federal law, to make the shopping center and restaurant accessible is further evidence of
13  defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
14  disabilities.  Despite being informed of such effect on plaintiff and other persons with physical
15  disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
16  willfully refused to take any steps to rectify the situation and to provide full and equal access for
17  plaintiff and other persons with physical disabilities to Safeway center and restaurant.  Said
18  defendants, and each of them, have continued such practices, in conscious disregard for the rights
19  of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint,
20  and continuing thereon.  Defendants had further actual knowledge of the architectural barriers
21  referred to herein by virtue of the demand letter addressed to the defendants and served
22  concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was
23  and is having on plaintiff and other persons with physical disabilities, constitutes despicable
24  conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
25  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.
26      41.     Plaintiff CRAIG YATES and the disability community, consisting of persons with
27  disabilities, would, could and will return to the subject public accommodation when it is made
28  accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SAFEWAY, INC., a Delaware Corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

42.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 41 of this complaint.

43.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

44.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

46.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

47.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

///

///

///

///

///

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48.    The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the Safeway shopping center and Taco El Rey  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

1   49.   Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

2  accomplishable and able to be carried out without much difficulty or expense." The statute

3  defines relative "expense" in part in relation to the total financial resources of the entities

4  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

5  plaintiff complains of herein were and are "readily achievable" by the defendants under the

6  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

7  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

8  make the required services available through alternative methods which were readily achievable.

9   50.   On information and belief, construction work on, and modifications of, the subject

10  building(s) of the Safeway shopping center and Taco El Rey occurred after the compliance date

11  for the Americans with Disabilities Act, January 26, 1992, independently triggering access

12  requirements under Title III of the ADA.

13   51.   Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

14  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

15  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

16  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

17  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

18  making use of the public facilities complained of herein so long as the premises and defendants'

19  policies bar full and equal use by persons with physical disabilities.

20   52.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

21  disability to engage in a futile gesture if such person has actual notice that a person or

22  organization covered by this title does not intend to comply with its provisions." Pursuant to this

23  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

24  March 23, 2011, but on information and belief, alleges that defendants have continued to violate

25  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

26  public accommodation.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2    relief shall include an order to alter facilities to make such facilities readily accessible to and

3    usable by individuals with disabilities to the extent required by this title."

4         53.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

5    Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

6    the Americans with Disabilities Act of 1990, including but not limited to an order granting

7    injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

8    deemed to be the prevailing party.

9    **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
10       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant
         SAFEWAY, INC., a Delaware Corporation , inclusive)
11       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

12        54.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

13   allegations contained in paragraphs 1 through 53 of this complaint.

14        55.    At all times relevant to this action, California Civil Code §54 has provided that

15   persons with physical disabilities are not to be discriminated against because of physical handicap

16   or disability. This section provides that:

17              (a) Individuals with disabilities . . . have the same rights as
                the general public to full and free use of the streets, highways,
18              sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    56.    California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3              (a)(1) Individuals with disabilities shall be entitled to full
              and equal access, as other members of the general public, to
4              accommodations, advantages, facilities, medical facilities, including
              hospitals, clinics, and physicians' offices, and privileges of all
5              common carriers, airplanes, motor vehicles, railroad trains,
              motorbuses, streetcars, boats, or any other public conveyances or
6              modes of transportation (whether private, public, franchised,
              licensed, contracted, or otherwise provided), telephone facilities,
7              adoption agencies, private schools, hotels, lodging places, places of
              public accommodation, amusement or resort, and other places to
8              which the general public is invited, subject only to the conditions
              and limitations established by law, or state or federal regulation, and
9              applicable alike to all persons.

10            Civil Code §54.1(a)(1)

11    57.    California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13            (d) A violation of the right of an individual under the
              Americans with Disabilities Act of 1990 (Public Law 101-336) also
14            constitutes a violation of this section, and nothing in this section
              shall be construed to limit the access of any person in violation of
15            that act.

16            Civil Code §54.1(d)

17    58.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

18  whose rights have been infringed upon and violated by the defendants, and each of them, as

19  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

20  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

21  Code §§54 and 54.1.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff has been and continue to be denied full and equal access to defendants' shopping center

2   and restaurant.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury

3   determination, in accordance with California Civil Code §54.3(a) for each day on which he visited

4   or have been deterred from visiting the shopping center and restaurant  because of his knowledge

5   and belief that shopping center and restaurant is inaccessible to persons with disabilities.

6   California Civil Code §54.3(a) provides:

7               Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
8             in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
9             liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
10            to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
11            attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
12            Sections 54, 54.1 and 54.2.

13              Civil Code §54.3(a)

14      59.    On or about October 3, 2010, October 5, 2010, October 9, 2010, October 27, 2010,

15   November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, plaintiff CRAIG

16   YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was

17   denied access to signage, parking, entry, service counter, men's restroom and women's restroom

18   and other public facilities as stated herein at the shopping center and restaurant and on the basis

19   that plaintiff CRAIG YATES was a person with physical disabilities.

20      60.    As a result of the denial of equal access to defendants' facilities due to the acts and

21   omissions of defendants, and each of them, in owning, operating and maintaining these subject

22   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

23   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

24   discomfort, bodily injury on or about October 3, 2010, October 5, 2010, October 9, 2010, October

25   27, 2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, including,

26   but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring

27   up, on, down, to, over, around and through architectural barriers.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Specifically, as a legal result of defendants negligence in the design, construction and
2  maintenance of the existing front entry door pressure at Taco El Rey, plaintiff suffered
3  continuous, repetitive and cumulative trauma to his right upper extremities while attempting to
4  open the door at the Taco El Rey.

5      61.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
6  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
7  and worry, all of which are expectedly and naturally associated with a denial of access to a person
8  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
9  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
10 person or an entity that represents persons with physical disabilities and unable, because of the
11 architectural barriers created and maintained by the defendants in violation of the subject laws, to
12 use the public facilities hereinabove described on a full and equal basis as other persons.

13     62.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
14 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
15 as a person or an entity that represents persons with physical disabilities on or about October 3,
16 2010, October 5, 2010, October 9, 2010, October 27, 2010, November 13, 2010, March 6, 2011,
17 March 12, 2011 and March 23, 2011, and on a continuing basis since then, including statutory
18 damages, a trebling of all of actual damages, general and special damages available pursuant to
19 §54.3 of the Civil Code according to proof.

20     63.    As a result of defendants', and each of their, acts and omissions in this regard,
21 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
22 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
23 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
24 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
25 reasonable attorneys' fees and costs incurred if deemed the prevailing party.

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

2    plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

3    public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

4    pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

5    **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
6         (On Behalf of Plaintiff CRAIG YATES, an individual and Against
         Defendant SAFEWAY, INC., a Delaware Corporation, inclusive)
7         (Health & Safety Code §19955, *et seq.*)

8         64.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9    the allegations contained in paragraphs 1 through 63 of this complaint.

10        65.     Health & Safety Code §19955 provides in pertinent part:

11             The purpose of this part is to insure that public accommodations or
               facilities constructed in this state with private funds adhere to the
12             provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
               of Title 1 of the Government Code. For the purposes of this part
13             "public accommodation or facilities" means a building, structure,
               facility, complex, or improved area which is used by the general
14             public and shall include auditoriums, hospitals, theaters, restaurants,
               hotels, motels, stadiums, and convention centers. When sanitary
15             facilities are made available for the public, clients or employees in
               such accommodations or facilities, they shall be made available for
16             the handicapped.

17        66.     Health & Safety Code §19956, which appears in the same chapter as §19955,

18   provides in pertinent part, "accommodations constructed in this state shall conform to the

19   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

20   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

21   public accommodations constructed or altered after that date. On information and belief, portions

22   of the Safeway shopping center and Taco El Rey and/or of the building(s) were constructed and/or

23   altered after July 1, 1970, and substantial portions of the shopping center and restaurant  and/or

24   the building(s) had alterations, structural repairs, and/or additions made to such public

25   accommodations after July 1, 1970, thereby requiring said shopping center and restaurant and/or

26   building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety

27   Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the shopping center and restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Code.

68.     Shopping centers and Restaurants such as the Safeway shopping center and Taco El Rey are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

69.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

70.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil

2  Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation

3  expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff

4  will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5        71.      Plaintiff seeks injunctive relief for an order compelling defendants, and each of

6  them, to make the subject place of public accommodation readily accessible to and usable by

7  persons with disabilities.

8  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
9      **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET
        SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
10     (On Behalf of Plaintiff CRAIG YATES, an individual and Against
        Defendant SAFEWAY, INC., a Delaware Corporation , inclusive)
11     (Civil Code §51, 51.5)

12       72.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

13  the allegations contained in paragraphs 1 through 71 of this complaint.

14       73.      Defendants' actions and omissions and failure to act as a reasonable and prudent

15  public accommodation in identifying, removing and/or creating architectural barriers, policies,

16  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

17  Unruh Act provides:

18                 This section shall be known, and may be cited, as the Unruh
                   Civil Rights Act.
19
                   All persons within the jurisdiction of this state are free and
20      equal, and no matter what their sex, race, color, religion, ancestry,
        national origin, or **disability** are entitled to the full and equal
21      accommodations, advantages, facilities, privileges, or services in all
        business establishments of every kind whatsoever.
22
                   This section shall not be construed to confer any right or
23      privilege on a person that is conditioned or limited by law or that is
        applicable alike to persons of every sex, color, race, religion,
24      ancestry, national origin, or **disability.**

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2
3
4
5
6
        Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

7

8
        A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

9 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

10 "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

11 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

12 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

13 defendants, and each of them.

14      74.    The acts and omissions of defendants stated herein are discriminatory in nature and

15 in violation of Civil Code §51.5:

16

17

18

19
        No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

20

21
        As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

22

23

24

25

26
        Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

75.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §42, *et seq.*, as if repled herein.

76.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about October 3, 2010, October 5, 2010, October 9, 2010, October 27, 2010, November 13, 2010, March 6, 2011, March 12, 2011 and March 23, 2011, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing front entry door pressure at Taco El Rey, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremities while attempting to open the door at the Taco El Rey.

77.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     78.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

2  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

3  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

4  allowed by statute, according to proof if deemed to be the prevailing party.

5  **PRAYER:**

6     Plaintiff prays that this court award damages and provide relief as follows:

7  **I.**    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

8     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant

9     SAFEWAY, INC., a Delaware Corporation , inclusive)
      (42 U.S.C. §12101, *et seq.*)

10

11     1.    For injunctive relief, compelling defendant SAFEWAY, INC., a Delaware

12  Corporation , inclusive, to make the Safeway shopping center and Taco El Rey, located at 971 11th

13  Street, Lakeport, California, readily accessible to and usable by individuals with disabilities, per

14  42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

15  criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

16  advantages and accommodations being offered.

17     2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

18  prevailing party; and

19     3.    For such other and further relief as the court may deem proper.

20  **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

21     **AND 54.3, *ET SEO.***
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against

22     Defendant SAFEWAY, INC., a Delaware Corporation , inclusive)
      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

23     1.    For injunctive relief, compelling defendants SAFEWAY, INC., a Delaware

24  Corporation , inclusive, to make the Safeway shopping center and Taco El Rey, located at 971 11th

25  Street, Lakeport, California, California, readily accessible to and usable by individuals with

26  disabilities, per state law.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SAFEWAY, INC., a Delaware Corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants SAFEWAY, INC., a Delaware Corporation , inclusive, to make the Safeway shopping center and Taco El Rey, located at 971 11th Street, Lakeport, California, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against
Defendant SAFEWAY, INC., a Delaware Corporation , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.   General damages according to proof;

4.   Treble damages pursuant to Civil Code §52(a);

5.   For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     Prejudgment interest pursuant to Civil Code §3291; and

7.     Such other and further relief as the court may deem just and proper.

Dated: **3/29/11**, 2011     THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

                              By:
                                  THOMAS E. FRANKOVICH
                              Attorneys for Plaintiff CRAIG YATES, an individual

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: **3/29/11**, 2011     THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*

                              By:
                                  THOMAS E. FRANKOVICH
                              Attorneys for Plaintiff CRAIG YATES, an individual